WILMER C. STALEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10750. Promulgated January 3, 1928.

*Robert E. Kline, Jr., Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

MURDOCK: The tax liability of this petitioner for the calendar year 1920 is before us. In the early part of that year he received two things as a result of the fact that he held 182 shares of stock in the Tipp Whip Co. First he received 182/500 of $10,000, or $3,640, being his share of a 20 per cent cash dividend declared and paid by the Tipp Whip Co. He admits that all of this was taxable, being paid out of earnings accumulated since February 28, 1913. Second, he received 273 shares of stock in a new corporation, organized by the group of men who owned the Tipp Whip Co. to take over its only active business. He received this stock because the Tipp Whip Co. had agreed to transfer the assets connected with its soap business to the new company provided the new company would issue its stock to the Tipp Whip Co. stockholders in the proportion of one and one-half of the new for one of the old. The petitioner contends that after the cash dividend the Tipp Whip Co. had no more " earnings accumulated since February 28, 1913," to distribute and that anything which he received from this company was not taxable upon receipt by him. He also had an alternative contention.

The Commissioner, in determining the deficiency, did not compute a normal tax on the income in question in this case, but treated this income as an ordinary dividend subject to surtax only. He has never since contended that it was a distribution of assets or a liquidating dividend, in whole or in part. Therefore, we do not feel called upon to discuss that question.

The Commissioner's statement enclosed with the deficiency letter referring to these items is as follows:

You further state that you were in error in reporting $12,740.00 in Schedule H, as income for the year 1920, as this amount consisted of your share of the surplus and profit of the Tipp Whip Company, which was earned and acquired before January 1, 1909. You are advised that information on file in this office indicates that of the total amount of dividends declared by the Tipp Whip Company in 1902, 90.3% were taxable, and 9.7% were nontaxable. Schedule H has been adjusted disclosing that of the amount of dividends reported from this source, $11,504.22 was taxable.

Counsel for the respondent filed no brief and he has never explained how the Commissioner arrived at his conclusion. We can not find any justification for the Commissioner's action. On the other hand, the books of the Tipp Whip Co. and the testimony and other evidence which is before us support the petitioner's contention as it is stated above. When we analyze the books and records of

the Tipp Whip Co. in connection with the other facts established by the evidence to find the amount of earnings accumulated between February 28, 1913, midnight, and the last of January, 1920, when the petitioner received the stock from or through this company, we find that only a negligible amount, if any, of such earnings remained undistributed after the payment of the January, 1920, dividend of $10,000. Consequently, our decision on this point must be for the petitioner and we do not deem it necessary to discuss the petitioner's alternative contention.

> *Judgment will be entered in accordance with the foregoing opinion on notice of 15 days, under Rule 50.*